ALFRED KITCHELL, Appellant, *v.* JAMES BURGWIN and Wife, and others, Appellees.

### APPEAL FROM RICHLAND.

If an answer in chancery is defective or not responsive to the bill, it should be excepted to; if not excepted to, and there be no replication to it, when the cause is set down for hearing, on bill, answer and exhibits, if any, the answer, however defective, will be taken as true. If the answer neither admits nor denies the bill, its allegations must be proved.

In claiming under the homestead exemption law, whether by bill or answer, it must appear that the lot of ground has a building upon it, occupied as a residence, owned by the debtor, who must be a householder, having a family, (a wife constitutes a family,) and that the debt was not incurred for the purchase or improvement of the premises. A decree upon such bill or answer should find the facts required to exist by the statute.

The land claimed by exemption, must be the spot on which claimant and his family actually reside, as their home. An abandonment of the homestead will not be presumed from the fact that the head of the family is in search of another home, if, being disappointed, he may return to the old one.

Kitchell *v.* Burgwin et ux.

A bill of exceptions is not necessary in any case, where the error is intrinsic, appearing on the face of the record.

A formal release or waiver of the statute, granting the homestead exemption, must be executed by the parties, showing that it was the intention of the parties to release. A wife must do something more than release her dower.

THIS was a suit to foreclose two mortgages, both on same parcel of real estate—the first by C. H. Barney to Reuben Barney, and assigned (notes and mortgage) to plaintiff; and the second by Burgwin and wife to plaintiff.

By the original and amended bills, it appears C. H. Barney mortgaged to Reuben Barney, on the 4th of March, 1854, to secure five notes, amounting in all to $240, and being part of the purchase money of said premises, owing by said C. H. Barney.

That afterwards, and subject to the said mortgage, C. H. Barney sold and conveyed the premises to G. F. Powers, and Powers again by deed afterwards conveyed to James Burgwin, and subject to the Barney mortgage.

That Burgwin being indebted to Kitchell, the same premises were again mortgaged by said Burgwin and wife, to him, to secure a note for $90, and subject, as before, to the Barney mortgage.

That at the time of the making the mortgage by Burgwin and wife to Kitchell, Burgwin expressly agreed and promised to pay off the Barney notes and mortgage as the same became due.

That the several notes of C. H. Barney and the mortgage therefor, and the notes of Burgwin, all became due, and Burgwin failed to pay any part of them, and that Kitchell became the purchaser of the said Barney notes and mortgages, in order to protect his own claim.

At the September term, 1855, a decree was taken by default, against the defendants, but afterwards was set aside on motion of plaintiff, and the bill amended, and final decree entered, October term, 1858.

At October term, 1858, Burgwin and wife appeared and filed an answer, setting up a claim to the premises as a homestead exemption, but not denying any of the matters alleged in the bills.

Upon the bill, exhibits and answer, the court rendered a decree in favor of plaintiff for foreclosure of the mortgage, in usual form, subject to the following limitation and condition, viz: " And provided also, that while the said Burgwin and wife continue to occupy the same and to claim it as a homestead under the statute, no sale shall be made by the Master in Chancery, nor shall he proceed in any wise to execute this decree so

long as the said Burgwin and wife shall so occupy and claim it as a homestead, unless by due appraisement and after payment by the said plaintiff of $1,000, in pursuance of the statute in such case provided."

To the above recited provision in said decree plaintiff excepted, and prayed an appeal, and this cause is now brought here to reverse that part of the decree.

The mortgage of Burgwin and wife to plaintiff, is in usual form and substance for conveyances by man and wife, and sealed by both, and acknowledged by both before a justice of the peace, who certifies to such acknowledgment in usual form and according to the statute for like deeds.

The error assigned is the provision in said decree allowing the said Burgwin and wife to hold the same as a homestead against the plaintiff's debt.

A. KITCHELL, *pro se*, submitted this case *ex parte* upon non-joinder, in Error.

BREESE, J.    There is nothing in the original bill, filed in this cause, or in the amended bill, showing that the mortgaged property therein described, was improved property, occupied or resided upon by the defendants, Burgwin and wife, or by any other person.    It is described as a tract of land, by proper numbers, courses and distances, and as containing " one acre, more or less."

To the original bill no defense was made, it was taken as confessed against the defendants, and an order of sale entered.

On the coming in of the report of the commissioner appointed to sell the land, it was objected on the part of the defendants, 1st, That there was a want of proper parties in the cause, Charles H. Barney, the original mortgagor, under whom the complainant claimed in part, not being made a party ; the want of proper process, and other irregularities : and 2nd, That the premises constituted the homestead of defendants, on which they resided at the date of the mortgage, and the date of the decree, and on which they still reside, and have not waived their claim of exemption, the debt having been created since the fourth day of July, 1851.

At the same October term, 1857, when these objections were made, the sale, by agreement of parties, was set aside, and also the decree entered in the cause, and the complainant took leave to amend his bill, by reviving the same against Charles H. Barney, and the administrator and heirs of Whittington, and in other particulars, as he might elect.

Afterwards, on the fifth day of August, 1858, the complainant filed an affidavit, showing that Charles H. Barney was a non-resident, and obtained an order of publication against him, which was duly published.

At the September term, 1858, the complainant filed his amended bill, making Burgwin and wife, Charles H. Barney, and the administrator of Whittington, parties, and called upon them for answers.

In the amended as well as in the original bill, it is alleged that the defendant, Burgwin, promised and engaged, on executing the mortgage to complainant, to pay off the notes and mortgage to H. Barney, he having purchased the property subject to this mortgage, and it is also averred that he had failed to do so, and that to protect himself, complainant had been compelled to buy in the notes and mortgage, which he then held, but there is no proof of any of these averments. The prayer is to subject the premises to the payment of both mortgages.

The amended bill is taken as confessed against C. H. Barney and Whittington—against Barney on proof of notice by publication.

The answer put in to the amended bill by Burgwin and wife, is very brief indeed, not denying or admitting any of the allegations of either bill, nor is it under oath. It is as follows: "Richland county, ss: The answer of James Burgwin and Kitty Ann Burgwin, defendants, to the bill of complaint of Alfred Kitchell, complainant, exhibited against these defendants and others, at the October term, A. D. 1858, of the Richland Circuit Court.

"These respondents, saving and reserving to themselves all manner of exception, etc., answering, say — That said tract of land mortgaged as set up in said bill, is the homestead of the defendants, and on which they reside at this time, and did at the date of their mortgage; that they have never waived their right to this homestead as exempted from forced sale, etc.; that they plead the statute exempting homesteads from sale, and claim its protection in this suit; wherefore having fully answered, defendants pray to be discharged, with costs."

This is not the practice in chancery. If an answer is defective —if it is not responsive to the allegations of the bill, it should be excepted to, and on exception being allowed and the defendant ruled to put in a sufficient answer, on failing to comply, the bill is taken for confessed. If an answer is put in, no matter how defective, and there be no exceptions to it, and no replication, the cause is set down for hearing on bill and answer and exhibits, if any, and the answer is taken to be true, whether

responsive to the bill or not.   If the answer neither admits or denies the allegations of the bill, they must be proved, for such is the rule in chancery proceedings.   *De Wolf et al.* v. *Long*, 2 Gilm. R. 682.

In this case no one of the allegations of the bill is admitted or denied, and no one of them proved, except so far as the exhibits prove themselves.

The answer not being replied to must be taken as true, and the fact is distinctly presented by it that the premises on which the mortgage to complainant was given, was, at the time it was given, the defendants' homestead, on which they then resided and still reside, and that they have never waived their right to it as a homestead, and claim the statutory exemption, and the case stands on this affirmative fact thus set up in the answer and not denied by the complainant.

Now the question arises, are the facts as stated by the defendants, that they reside, and did reside, on the land, sufficient to bring this case within the operation of the act of 1851, and constitute it a homestead and exempt from forced sale ?

The homestead exemption law provides, (Scates' Comp. 576, sec. 1,) " That in addition to the property now exempt by law from sale under execution, there shall be exempt from levy and forced sale under any process or order from any court of law or equity in this State, for debts contracted from and after the fourth day of July, 1851, the lot of ground and the buildings thereon occupied as a residence and owned by the debtor being a householder and having a family, to the value of one thousand dollars ;" * * * " and no release or waiver of such exemption shall be valid unless the same shall be in writing, subscribed by such householder," (and by the act of February 17, 1857, ' and his wife, if he have one,') " and acknowledged in the same manner as conveyances of real estate are by law required to be acknowledged."

The 2nd section provides that no property by virtue of this act shall be exempt from sale for a debt or liability incurred for the purchase or improvement thereof.

This statute must have a construction so liberal as to advance the object contemplated by the legislature and nothing more, and we are to understand by its phraseology, that several things must concur before exemption can be allowed.   The lot of ground must have a building or buildings upon it ; this building or buildings must be occupied as a residence ;  it must be owned by the debtor, who must be a householder and have a family.

The averment that defendants resided on the land, would imply there was a cabin, or tent, or some other structure upon it, in which a residence might be taken up, and which might

satisfy the requirement of the statute that a building should be upon the land. Having a wife, is having " a family," and the fact of residing upon the land would make the defendant a householder. But the answer fails to make out the case in this, there is no averment in it that the land was owned by the defendant, or that the debt was not incurred for its purchase or improvement. All the facts stated in the answer may be true, and yet the claim to exemption is not established for the want of these averments, which are indispensable.

A party claiming a statutory benefit must, by proper averments either in his bill or his answer, show himself entitled to the equities provided by it—all that is necessary to show his title and right to the relief he seeks. 1 Daniel's Ch. Prac. 411, and cases there cited.

Still more objectionable is the decree. It finds no one of the facts required by the statute to exist, but allows the exemption upon occupancy merely, which may be by a tenant, and by claiming it as a homestead. We think the statute requires more than this on the part of the debtor himself. The land must be the spot on which he claims a residence, and on which his family resides—it must be " the home " of the family. A mere occupancy and claim of homestead, the premises not being the actual residence or home of the family for every day in the year, may well consist with the view we have endeavored to express. We think it would still be the homestead though the head of the family might leave it in search of another home in a distant State, and being disappointed, might return to it. We can lay down no rule to govern such cases, each case must depend on its own peculiar circumstances, so that among them no evidence shall be found of an abandonment by himself and family. Whether it is a wise policy to grant such privileges, is not a question for the court; it is sufficient for us to arrive at the true meaning and intention of the legislature in their grant of it, and that we think is abundantly manifest—to secure to the family a home. It appears the complainant excepted to this proviso in the decree—an act wholly unnecessary. It should be well understood that a bill of exceptions is not necessary in any case where the error is intrinsic, appearing on the face of the record. The sole office of a bill of exceptions is to make matters which are extrinsic, or out of the record, a part of the record. *Joliet and Northern Railroad Company* v. *Jones*, 20 Ill. R. 225.

Upon the remaining points made by counsel, we think a formal release or waiver of the statute must be executed. It must appear, that the privileges and advantages of the act, were in the contemplation of the parties executing the deed, and that they were expressly released or waived, in the mode pointed out in

the statute.    The wife must do something more than release her dower.

The first judgment of this court having gone to the extent only of a modification of the original decree, we have, on more mature consideration, deemed it right and just that the defendants should have an opportunity of presenting in a proper manner, their claim to the exemption under the homestead act, and for that purpose avail of the act of the last session of the General Assembly, authorizing this court to correct judgments in vacation, and reverse this judgment, and remand the cause, with leave to both parties to amend the pleadings.

*Decree reversed.*