ELLEN HAGERTY

*v.*

PATRICK HAGERTY.

*Filed at Springfield April 2, 1894.*

1. HOMESTEAD—*an estate in land—how it passes.* Since the passage of the present statute the homestead is an estate in land, vested in the person designated by law, and passes in the mode provided by the statute.

2. Under the present statute, by virtue of the provisions of section 2, upon the death of the householder in whom the homestead is vested the estate passes to the surviving husband or wife, for his or her benefit, and that of the children, until the youngest thereof arrives at the age of twenty-one years; and under the latter clause of the section, if the husband or wife shall desert his or her family, the estate passes to and continues in favor of the one occupying the premises as a residence.

3. In 1881 a husband conveyed lots owned by him to his wife, which they occupied as their homestead until in May, 1888, when he left his wife in the occupation of the premises, went away from her, and never returned or contributed to her support. The separation was repeatedly claimed by him to be final, and his abandonment of the premises was voluntary on his part: *Held,* that the husband was not entitled to re-enter and enjoy the homestead rights and interest therein, there being no abandonment of the homestead shown by the wife, whether she took under the husband's deed or by virtue of the statute.

4. SAME—*how established—occupancy—deserted wife or husband.* In order to impress premises with the estate of homestead, originally, it is necessary that they shall be occupied by the householder as a homestead. And so of the continuance of the homestead for the benefit of a deserted wife or husband and family, the premises must be occupied by the householder, or them, at the time of such desertion. But a very different rule obtains as to the character of occupancy or possession necessary to preserve the estate of homestead after it has attached to the premises.

5. SAME—*effect of renting the premises.* Where a husband, by the desertion of his wife and subsequent neglect of his duties, both in respect of his wife and of the property claimed by her as a homestead, renders the renting of the premises necessary to their preservation and to the support of his wife, he can not be heard, in a court of equity, to insist that the renting of the premises amounts to abandonment by the wife of her homestead. The husband will not be permitted, in a court of equity, to take advantage of that which was the result of his own wrongdoing.

APPEAL from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Appellee filed his bill and amended bill in the circuit court of Sangamon county, against his wife, appellant, alleging that on October 11, 1881, for the expressed consideration of five dollars, but without any consideration in fact, he conveyed to appellant, then and still his wife, lots 12 and 13, in Rafter's addition to Springfield; that about sixteen years before the filing of the bill he purchased the lots with his own money, and erected thereon a dwelling house; that at the time of the conveyance to his wife the property was worth $3000; that from the time of the erection of the dwelling to the conveyance, and thence on until in May, 1888, the premises were occupied by him and his said wife as a homestead. It is alleged that the defendant quarreled and bickered with the complainant, and that to buy his peace he made said deed, and that soon afterward his wife drove him from his home, provided no other for him, and that shortly thereafter his said wife ceased to occupy said premises herself; that he is now old, broken down in health, without a home, and unable to provide for himself; that said deed is void, and praying that it be set aside, declared void, etc.

The answer admits the voluntary conveyance of the premises by the husband to the wife; denies that she induced him to make the deed, in any way; denies misconduct on her part, or that the deed was made to purchase peace, etc.; denies that she drove complainant away, etc.; avers that he vol-

untarily abandoned her and his home, and has ever since continued such desertion and abandonment; avers that the complainant, for years before he left, had been an habitual drunkard, squandering his earnings, and contributed nothing to the support of the family, and sets up the seven years statute of limitations in bar of the relief prayed, etc.

The cause was heard on the amended bill, answer, replication and proofs, and a decree entered finding said deed null and void, in so far as it purported to convey to defendant the homestead interest of complainant in said premises; that complainant has the right to re-enter and enjoy homestead rights and interest therein, and that defendant has all the right, title and interest of the complainant in and to all of said premises, except only the right and interest of homestead of complainant in the same. From this decree the wife appeals, assigning as error so much of the decree, only, as finds that the complainant has a right of homestead in said premises and a right to re-enter and enjoy the same. No cross-errors are assigned.

Messrs. PATTON & HAMILTON, for the appellant:

Appellee having once lost his right, can not re-acquire it. *Titman* v. *Moore,* 43 Ill. 169.

He ceased to occupy the premises as his residence, which he must do to preserve the right. Rev. Stat. chap. 52, sec. 1.

He voluntarily abandoned the homestead, and thereby extinguished the right. *Shepard* v. *Bremer,* 65 Ill. 383; *Finley* v. *McConnell,* 60 id. 259; *Rendleman* v. *Rendleman,* 118 id. 257; *Eldridge* v. *Pierce,* 90 id. 474; *Farnan* v. *Borders,* 119 id. 228; *Henson* v. *Moore,* 104 id. 403.

Mr. JOHN C. SNIGG, for the appellee:

Can the husband convey to the wife the homestead without the wife joining in the deed? Under the law and facts and circumstances of this case, was there, or could there be, an abandonment of his home?

The first question is answered by the provisions of the statute, (1 Starr & Curtis' Ann. Stat. p. 1103,) and by this court in *Kitterlin* v. *Insurance Co.* 134 Ill. 647.

This interest, so far as husband and wife are concerned, is inseparable. There can be no division of the interest, except by their joint act, and in the manner prescribed by the statute.

The right of homestead is now raised to the dignity of an estate, and an estate that is so fenced around by the framers of the law, that the householder can not, by any act of his own, divest himself of such estate. In fact, the law has done better for him than he could do for himself. As the court has well said in *Kitterlin* v. *Insurance Co. supra*: "We are not at liberty to defeat, by construction, the plain and clearly expressed will of the legislature, nor to dispense with the safeguards it has provided against the improvident alienation or relinquishment of the estate."

The homestead right is granted for the family, for the benefit of husband, wife and children. 31 Ill. 187; 58 id. 427.

The policy of the law has ever been to protect the family in a home, and this right is inaccessible to the greedy creditor as the castle of the feudal baron, perched upon the mountain top. The husband or head of the family can only convey it according to well prescribed forms of law, and they can neither lose nor waive it except by their own act. No construction of the Homestead act not necessary for the protection of purchasers and creditors against fraud, should be adopted which tends to defeat the object of its enactment. *Bennett* v. *Baird,* 80 Ky. 636.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

The only question presented by the assignments of error is, whether the court correctly decreed that appellee was entitled to homestead in the premises in question, with the right to re-enter and enjoy the same, as against appellant. No cross-

errors having been assigned, the question discussed by counsel as to the validity of the conveyance of the fee is not before us.

If it be conceded that the deed from the husband, individually, to the wife, is, under the statute, as construed in *Kitterlin* v. *Milwaukee Mechanics' Mutual Ins. Co.* 134 Ill. 647, void, it does not follow that the decree finding the husband entitled to homestead is correct, under the facts of this case. It was there held, that if the value of the property in which the homestead estate existed, was, at the time of the conveyance, less than $1000, a conveyance by the husband to the wife was ineffectual to pass any title or interest in the property. (See, also, *Cannon* v. *McMurray,* 2 Allen, 202; *Castle* v. *Palmer,* 6 id. 403.) Nor is it necessary to discuss or determine whether, under section 4 of the statute, the possession may be abandoned or given to the wife pursuant to his deed to her, so as to operate as a conveyance or release of his homestead, for it can not be contended that the abandonment, in this case, of the premises by the husband, was in pursuance "of the conveyance." The testimony of both parties repels such presumption. For practically seven years after the making of the deed the husband and wife lived together, as they had done before, in the homestead, the husband remaining the head of the family.

By section 2 of the statute (chap. 52) it is provided that the homestead exemption "shall continue after the death of such householder, for the benefit of the husband or wife surviving, * * * and in case the husband or wife shall desert his or her family, the exemption shall continue in favor of the one occupying the premises as a resident." By section 1 of the act an estate of homestead is created, of the value of $1000, in the farm or lot of land, and buildings thereon, owned or rightly possessed and occupied by every householder having a family. Since the passage of the present statute the homestead is an estate in land, vested in the person designated by law, and passes in the mode provided by the statute. (*Eldridge*

v. *Pierce,* 90 Ill. 474; *Browning* v. *Harris,* 99 id. 456; *Kitterlin* v. *Insurance Co. supra.*) And under the present statute, by virtue of the provisions of section 2, upon the death of the householder in whom the homestead is vested the estate passes to the surviving husband or wife, for his or her benefit, and that of the children, until the youngest thereof arrives at the age of twenty-one years. *(Capek* v. *Kropik;* 129 Ill. 509; *Kingman* v. *Higgins,* 100 id. 319; *Merritt* v. *Merritt,* 97 id. 243.) And so, under the latter clause of the section, if the husband or wife shall desert his or her family, the estate passes to and continues in favor of the one occupying the premises as a residence.

In this case, the parties continued to occupy the premises as a homestead until in May, 1888, when, it is conceded, the husband left the wife in occupation of the premises, went away from her, and has never since returned or contributed to her support. When he separated from her, he announced, in effect, that the separation was permanent, and that he would live with her no more. Some time after the separation the priest in charge of the church to which they severally belonged, on various occasions endeavored to induce him to return, live with and support his wife. This he absolutely and repeatedly refused to do. This witness testifies: "I told him I had heard he had left home,—left his wife and family. He said, yes, he had done so." Upon being asked by witness if he intended this condition of things to stand, he said, yes, —that it was a final decision. Upon being admonished that it was not proper for him to live away from his family, and that he must go back, he said that he did not intend to do so. Being told that it was his duty to look after his wife and make a living for her, he replied that he gave her all that was there, (referring to the house, etc.); that she could have it all, and that was all he would ever do for her. Subsequently, the priest asked him if he had not changed his mind, and he said, no,—his decision was final.

The preponderance of the evidence fairly shows that the defendant drank intoxicating liquors to excess, and that the difficulty between him and his wife grew out of such excessive use of intoxicants. But it is not material who may have been at fault in the family trouble, so long as the separation was the voluntary act of the husband, as this evidence clearly shows it was. It is true, he now testifies that he did not intend to abandon his homestead, but is absolutely silent to deny that he intended to desert and abandon his wife, and did so, leaving her in the actual occupancy of the premises as a homestead. It is clear, we think, that he deserted his wife and family, and that upon such desertion, the wife continuing to occupy the premises as a residence, the right of homestead was, by force of the statute, continued in her favor and for her benefit, — and this would be so, independently of whether the ownership of the land or lots remained in the husband, or passed to the wife under the deed. If it should be contended that thereby the husband did not permanently lose his right of homestead, but that he might return, live with and support his family, and regain the right to its possession and use, a sufficient answer would be, that during the five years intervening between the separation and the hearing of this cause the defendant had not once offered to return, had not contributed, or in anywise offered to contribute, to the support of his family, to the repair of the premises or to the payment of the taxes thereon, but had persistently carried out his determination to make the separation from his wife final and complete, and still continues the desertion of his family. It is difficult to perceive what standing he can have, in a court of equity, to be restored to his homestead estate in these premises, and no other relief was granted him by the decree.

The parties had but one child, a daughter, who had married previously to the separation and gone away, so that at the time of the separation the wife was left alone in the house.

She continued to occupy the same until the following fall, and then stored her household effects in the barn upon the premises and rented the premises out, that being necessary, as it seems, for her support and maintenance, the payment of taxes and preservation of the property. It is not shown that she ever intended to abandon the premises as a homestead, or that she acquired a permanent home elsewhere. Nor can it be said that her conduct is inconsistent with an intention to retain it. It is undoubtedly true that in order to impress the premises with the estate of homestead, originally, it is necessary that they should be occupied by the household as a homestead. (*Kitchell* v. *Burgwin*, 21 Ill. 40; *Walter* v. *People*, id. 178; *Titman* v. *Moore*, 43 id. 169; *Potts* v. *Davenport*, 79 id. 459.) And so of the continuance of the homestead for the benefit of the deserted wife or husband and family, the premises must be occupied by the householder, or them, at the time of such desertion. But a very different rule obtains as to the character of occupancy, or possession necessary to preserve the estate of homestead after it has attached to the premises. (*Wright* v. *Dunning*, 46 Ill. 271; Thompson on Homesteads, 242-254, *et seq.;* and cases *supra.*) We need not, however, enter upon a discussion of this branch of the case. No creditor or other person acquiring a right to or lien upon the premises, as creditor or otherwise, is here seeking to assert any such right or lien. The husband, who, by desertion of his wife and subsequent neglect of his duties, both in respect of his wife and of the property, had rendered the renting of the premises necessary to their preservation and to the support of his wife, brings this bill, and insists, in a court of equity, that the renting of the premises amounts to an abandonment by his wife of her right of homestead. Conceding that the estate created by the statute may be lost by abandonment, simply, we are of opinion that, under the authorities cited, the facts proved do not show an abandonment of the homestead by the wife. But if it was otherwise as to

creditors seeking to assert liens against the premises, and it be further conceded that the right to possession and enjoyment of the homestead by the husband would revive upon abandonment of it by the deserted wife and family, the complainant can not be permitted, in a court of equity, to take advantage of that which was the result of his own wrongdoing, and was rendered necessary by his failure to perform his obligations to his wife and family.

So much of the decree, therefore, as declared said deed, in so far as it purported to convey the homestead interest of appellee, null and void, and appellee entitled to re-enter and enjoy homestead rights in said premises, will be reversed.

*Decree reversed in part.*