**Marie Peck, Appellee, v. Joseph J. Peck, Ella H. Krause and Bernard W. Snow, Bailiff of the Municipal Court of Chicago. Ella H. Krause, Appellant.**

1. APPEAL AND ERROR—*order overruling demurrer not appealable.* An order overruling a demurrer was not a final order and was not appealable.

2. INJUNCTIONS—*one with equitable right could restrain enforcement of forcible entry and detainer order.* Where husband left wife and rented premises used by wife as homestead and lessee brought forcible entry and detainer proceedings, the wife, though she might interpose her homestead right as a legal defense, under Cahill's St. ch. 68, ¶ 16, was nevertheless entitled to maintain a bill in equity to restrain enforcement of the judgment in the forcible

entry and detainer proceedings on the ground that the lease was not a bona fide one, but a pretended one, executed by the husband solely for the purpose of dispossessing her, a matter which could not be set up in the forcible entry and detainer proceeding.

Interlocutory appeal from the Circuit Court of Cook county; the Hon. WILLIAM V. BROTHERS, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1925. Appeal from order overruling demurrer dismissed. Order granting temporary injunction affirmed. Opinion filed November 4, 1925.

GEORGE McMAHON, for appellant.

A. J. BEDARD, for appellee.

MR. PRESIDING JUSTICE THOMSON delivered the opinion of the court.

The complainant filed a bill for separate maintenance against her husband, the defendant Joseph J. Peck. In this bill she alleged that her husband was the owner of certain premises, in the first floor of which they had resided since their marriage and in which they were living when she alleged her husband deserted her. The complainant claimed a right of homestead in these premises.

It appears from further allegations in the bill of complaint that the complainant had filed a similar bill against her husband about six months prior to the filing of the bill in the suit at bar, and that such prior suit had been dismissed, and later had been reinstated and then had been dismissed again, for want of prosecution.

It is further set forth by the complainant in the bill filed by her in the suit at bar that shortly after her prior suit had been dismissed, her husband purported to have executed a lease of the premises, in which she was living, to one Ella H. Krause, and the latter, being unable to secure possession, filed forcible entry and detainer proceedings against complainant in the municipal court of Chicago, based on such written lease; that at such hearing the complainant, Marie Peck,

claimed a right of homestead in the premises, but the court rendered a judgment for possession in favor of the plaintiff in that case, from which the complainant, Marie Peck, prayed and was allowed an appeal; and that complainant filed a number of appeal bonds, each of which, after being filed, was stricken on the motion of the plaintiff in that case. In her bill of complaint the complainant then proceeded to allege that she "being without any property to indemnify surety companies and being unable to secure acceptable sureties was forced to abandon her appeal" and that she presented a transcript of the proceedings in that case to the court, and it was marked "accepted" and that she afterward presented it to plaintiff's attorney for his approval and that he still retained it and had refused to return it. Complainant further alleged that her husband had entered into the lease with Ella H. Krause on the day following the dismissal of complainant's former suit for separate maintenance, and that "said lease is a pretended one and is solely for the purpose of evicting" complainant and depriving her of her domicile and homestead. She further alleged that she had requested her husband and Ella H. Krause and Bernard W. Snow, bailiff of the municipal court, to desist from proceeding under the judgment for possession, but that they had not complied with her request and she feared that, unless restrained, they would evict her from the premises. Complainant therefore made Ella H. Krause and Bernard W. Snow parties defendant to her suit and prayed that they be restrained and enjoined from enforcing the judgment for possession which had been obtained by Ella H. Krause in the municipal court.

The defendant, Ella H. Krause, filed a demurrer to the bill and the court overruled the demurrer. She elected to stand by her demurrer and prayed an appeal from the order overruling her demurrer, which was allowed. A temporary restraining order was entered as prayed by complainant, and the defendant also

prayed an appeal from that order, and that appeal was likewise allowed. She filed an appeal bond purporting to cover both appeals and it was duly approved.

The order overruling the demurrer was not a final order and was not appealable. The appeal from that order will be dismissed.

In our opinion, the chancellor was warranted in entering the restraining order appealed from. Complainant admits that a bill will not lie to enjoin the enforcement of a judgment for possession in a forcible entry and detainer proceeding, where the complainant has no right in the premises which could not be set up by way of defense in that proceeding, but her contention is that in the case at bar the complainant had an equitable claim to or right in the premises which she could not interpose in the forcible entry and detainer proceeding and which she should, therefore, be permitted to raise by means of this bill in equity. In this connection our attention is called to section 16 of chapter 68 of our Statutes [Cahill's St. ch. 68, ¶ 16] and to the case of *Jones v. Jones,* 281 Ill. 595. The statute referred to provides that, "Neither the husband nor wife can remove the other * * * from their homestead without the consent of the other, unless the owner of the property shall in good faith, provide another homestead suitable to the condition in life of the family * * * ." It is further provided by section 2 of chapter 52 of the Illinois Statutes [Cahill's St. ch. 52, ¶ 2], that the exemption of the homestead estate, in case the husband or wife shall desert his or her family, shall continue in favor of the one occupying the premises as a residence. In the *Jones* case, *supra,* one Jones, who was a widower, was living in premises, to which he held the legal title, with his married daughter who had contributed in part to their purchase. He became engaged to marry the complainant. The latter knew the title to the property in which her future husband was living was in him. She also knew the daughter had contributed in part

to the purchase of the property. Prior to the marriage and unknown to the complainant, Jones conveyed title to the property to his daughter without consideration. After the marriage, complainant and her husband occupied the premises as their home, together with the daughter and her husband. Subsequently the daughter and her husband removed to another home. Jones then abandoned his wife and went to live at a hotel, leaving his wife in possession of the premises. Later the daughter of Jones brought forcible entry and detainer proceedings against her stepmother and secured a judgment for possession and the latter then vacated the premises and went to the hotel where Jones had been living, and thereafter lived there with him. Several months later Mrs. Jones filed a bill in equity, seeking to have the deed from her husband to his daughter set aside as to her, to have the premises decreed to be a homestead as well as to be subject to her inchoate right of dower, and asking to be restored to the possession of the premises. It was held that by her marriage and residence upon the premises complainant had acquired the right to occupy them as a homestead, and that her husband could not deprive her of that right without her consent; that Jones had deserted his wife and left her in the place where she had the right to remain and the statutory provision for continuing the homestead exemption as to her was complete. The court further held that the deed from Jones to his daughter was void as to his wife but that on its face it was valid, ''and therefore in a forcible entry and detainer suit the daughter was entitled to recover, and did recover, a judgment for possession. The equitable right of the appellant (wife) to have the deed set aside could not be tried in a forcible entry and detainer suit. She had no legal defense to that proceeding, but in this proceeding her rights in equity can be enforced regardless of the legal title and of the judgment in forcible entry and detainer based on that title.''

In our opinion, the case above referred to is in point. The lease executed by the defendant, Joseph J. Peck, to the defendant, Ella H. Krause, was a valid lease on its face, and, therefore, in the forcible entry and detainer suit Mrs. Krause, on the lease, by itself, would be entitled to possession. It may be that complainant in the suit at bar had a legal defense to that suit, which could be made out by showing such facts as would establish her right to a homestead in and continued possession of the property, under the statutory provisions above referred to, until her husband had established another suitable homestead for her. But she also had an equitable defense to the forcible entry and detainer suit which she was powerless to interpose in the municipal court, namely, as alleged by her in her bill, that her husband had entered into this lease on the day following the dismissal of her former bill for separate maintenance, and that the lease was not a bona fide one, but "a pretended one" which he had executed solely for the purpose of dispossessing her. That allegation made by the complainant in her bill amounts to a charge of fraud and collusion on the part of her husband and Ella H. Krause, and if complainant is able to establish those allegations by her proof, she would be entitled to have the same relief that the complainant recovered in the *Jones* case, *supra*, namely, have the lease set aside as to her.

For the reasons stated the appeal from the order overruling the demurrer filed by Ella H. Krause is dismissed, and the order granting a temporary injunction is affirmed.

*Appeal from order overruling demurrer dismissed.*
*Order granting temporary injunction affirmed.*
TAYLOR and O'CONNOR, JJ., concur.