(No. 11359.—Reversed and remanded.)
MARY A. JONES, Appellant, *vs.* ERNEST H. JONES *et al.*
Appellees.

*Opinion filed December 19, 1917.*

1. FREEHOLD—*freehold is involved where complainant claims a homestead.* A freehold is involved where the complainant seeks to have a deed set aside as to her and claims an estate of homestead and the right to occupy the premises until another homestead is provided by her husband, as an estate which is measured by the life of a tenant is a freehold.

2. HOMESTEAD—*husband cannot compel wife to leave homestead until he provides another.* Under section 16 of chapter 68 of the Revised Statutes a husband cannot compel the wife to leave the homestead until he has provided her with another, and it is not a compliance with the statute to provide a room at a hotel.

3. SAME—*wife is entitled to rents during time she is wrongfully kept out of homestead.* A wife who is wrongfully dispossessed of her homestead by her husband's grantee is entitled to recover the rents and profits of such premises from the time she is dispossessed until the time her husband provides another homestead for her.

4. SAME—*what amounts to desertion of wife within meaning of section 2 of Homestead act.* Where a husband who conveyed the homestead premises on the eve of his marriage, without the knowledge of his intended wife, continues to occupy the premises with her after the marriage, but subsequently, upon her refusal to leave the homestead, goes to a hotel to stay, he must be regarded as deserting the wife within the meaning of section 2 of the Homestead act.

5. SAME—*what is not abandonment of homestead by wife.* The fact that the wife, who has remained in possession of the homestead premises after her husband has conveyed the same without providing another homestead, leaves the premises after the grantee in the conveyance has recovered a judgment against her in a forcible detainer proceeding does not amount to an abandonment of the homestead, and she is entitled, in equity, to have her homestead rights declared in the property to the extent of the husband's interest.

6. HUSBAND AND WIFE—*when conveyance is in fraud of marital rights.* A deed made on the eve of marriage without the knowledge of the intended wife is *prima facie* in fraud of her marital rights, and she is entitled, in equity, to have the deed declared subject to her inchoate right of dower to the extent of her husband's interest at the time of the conveyance.

7. TRUSTS—*what oral agreement as to land may be carried out notwithstanding Statute of Frauds.* Where a daughter contributes two-sevenths of the purchase price of land bought by her parents upon an oral agreement that she is to have a one-fourth interest in the land, the agreement may be carried out by a conveyance from the father after the wife's death notwithstanding the Statute of Frauds, and her one-fourth interest is not subject to the claims of the grantor's second wife for an inchoate right of dower and for homestead, even though the deed, which purported to convey the entire interest in the premises, is subject to such claims to the extent of the grantor's interest.

APPEAL from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding.

F. L. SALISBURY, and M. MARSO, for appellant.

JOSEPH G. SHELDON, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellant, Mary A. Jones, and the appellee Ernest H. Jones, were married on February 8, 1915, having been engaged since the previous September. He was a widower, living with his daughter, Edith I. Carey, and her husband, in a house in Chicago in which he and his former wife had lived, the legal title to which was in them as joint tenants. The daughter, who was living at home unmarried at the time of the purchase of the premises, contributed from her own means $1200 to the purchase price, $4200, and it had been agreed that she should have one-fourth interest in the property. After the death of his first wife Jones gave the furniture in the house to his daughter and they continued to occupy the house together. On February 2, 1915, Jones conveyed the property to his daughter without consideration. After their marriage the appellant and Jones occupied the premises as their residence, together with the daughter and her husband, until early in April, 1915. Mrs. Carey at the time of the conveyance to her knew of the approaching marriage of her father and the appellant, but

the appellant knew nothing of the conveyance to Mrs. Carey until long after the marriage, though she knew that her intended husband had title to the property and that his daughter had contributed $1200 to the purchase price. Mr. and Mrs. Carey having arranged to move to DeKalb, Jones proposed to his wife to rent the house and live at a hotel, and she at first consented to this proposition, not knowing of the conveyance to Mrs. Carey. Afterward she withdrew her consent and said she would not go to the hotel but intended to remain in the house. He then engaged a room in a hotel and went there to stay. At the same time Mr. and Mrs. Carey moved out, taking with them all the furniture except a dresser and a wardrobe in the appellant's bedroom. In the meantime the daughter had leased the premises to the appellee Arthur J. Francis, who moved into a part of the house but the appellant continued to occupy her room, though without bed or bedding, and had her meals sent in, hauling them up to her bed-room window in a basket by a rope. Mrs. Carey brought an action of forcible entry and detainer against the appellant and on April 15 obtained a judgment against her for the possession of the premises. Thereupon, the appellant's attorney having advised her that it would be only a few days until she would have to get out and that as she was very uncomfortable she had better leave then, the appellant went to the hotel where her husband was staying and has ever since lived there with him. On August 6, 1915, she filed a bill in the circuit court of Cook county seeking to have the deed of February 2 set aside as to her, to have the premises decreed to be her homestead as well as to be subject to her inchoate right of dower, and asking to be restored to the possession of the premises. The cause was heard and a decree was rendered declaring that the appellant had an inchoate right of dower in the undivided three-fourths of the premises but was not entitled to an estate of homestead or to the possession, and adjudging three-fourths of the costs against her. She has

appealed from this decree and insists that she should have been awarded an estate of homestead in the premises and the possession of them, together with the rents collected or the reasonable rental value of the premises from the time she was dispossessed, and that the court erred in limiting her inchoate right of dower to an undivided three-fourths of the premises and in taxing three-fourths of the costs against her.

The appellees contend that a freehold is not involved and therefore this court has no jurisdiction of the appeal. The appellant by her bill claims an estate of homestead and the right to occupy the premises until her husband provides her another homestead. If she is entitled to such estate it will continue for her life unless she abandons it or her husband provides her another homestead. An estate which is measured by the life of the tenant is a freehold, though it may be liable to determine upon a future contingency before such life expires. A freehold is therefore involved and the appeal was properly brought to this court.

A voluntary conveyance made prior to a contemplated marriage by either party without the knowledge of the other is *prima facie* evidence of fraud on the other's marital rights. (*Dunbar* v. *Dunbar,* 254 Ill. 281; *Deke* v. *Huenkemeier,* 260 id. 131.) The appellant by her marriage acquired an inchoate right of dower in the premises regardless of the deed, but the decree properly limited this right to the undivided three-fourths of the premises. The appellee Edith I. Carey's contribution of two-sevenths of the purchase price of the premises and the taking of the title to her father and mother without any agreement would have entitled her to have a resulting trust declared in her favor in the undivided two-sevenths of the property. Though the agreement by which she was to receive one-fourth was not in writing, the Statute of Frauds, even if applicable to such a case, does not prevent the parties to an unwritten agreement of that character from voluntarily carrying it

out, and so far as the undivided one-fourth interest is concerned, the deed of the father to his daughter merely carried out their unwritten agreement and clothed her with the legal title which he before held in trust for her. So far as the appellant's rights acquired in her husband's property by virtue of the marriage are concerned, his deed to his daughter is to be disregarded. It is of no more force than if it had been made after the marriage without her joining in it. In determining her rights she is to be regarded as occupying the homestead with her husband, unaffected by the conveyance to the daughter.

Section 16 of chapter 68 of the Revised Statutes provides that neither the husband nor wife can remove the other, or their children, from their homestead without the consent of the other unless the owner of the property shall in good faith provide another homestead suitable to the condition in life of the family. Section 2 of chapter 52 provides that the exemption of the homestead estate in case the husband or wife shall desert his or her family shall continue in favor of the one occupying the premises as a residence. By her marriage and residence upon the premises the appellant acquired the right to occupy them as a homestead. Her husband could not deprive her of that right without her consent. Without such consent he could not remove her from the premises. It can no longer be said to be the law in such cases as this that the husband is not required to ask the wife's consent to change their residence. The law recognizes the rights of the husband and wife in this respect as co-ordinate, and has declared by the statute that where a homestead exists neither can change the residence from that homestead without the consent of the other unless another suitable homestead is provided. When, upon her husband's request to remove from their homestead, appellant declined to do so, and he, without providing another suitable homestead, went away and established himself in another place, he deserted his wife within the

meaning of section 2 of the Homestead act. He left her in the place where she had a right to remain with the intention of not returning to her, and the statutory provision for continuing the homestead exemption to her was complete. She was rightfully in possession of the premises, with a title which was unassailable. This is said without regard to the deed to the daughter, which was void as to the appellant but on the face of it was valid. It was executed prior to the marriage by the husband, who held the legal title, and therefore in a forcible entry and detainer suit the daughter was entitled to recover, and did recover, a judgment for the possession. The equitable right of the appellant to have the deed set aside could not be tried in a forcible entry and detainer suit. She had no legal defense to that proceeding, but in this proceeding her rights in equity can be enforced regardless of the legal title and of the judgment in forcible entry and detainer based on that title. The appellant can only be deprived of her homestead by her voluntary abandonment of it or by the provision of another homestead by her husband. The husband provided no other homestead, and the act of the appellant in yielding to the judgment against her for the possession of the premises cannot be regarded as an abandonment. No evidence of any act of hers indicating abandonment has been shown. On the contrary, she constantly insisted upon her homestead right and with reasonable promptness filed her bill for the enforcement of it.

With full knowledge of the appellant's right of possession, but with a willful disregard of it, Mrs. Carey dispossessed her and has since wrongfully enjoyed the rents and profits of the premises. She should account for them during the time she has wrongfully kept the appellant out of possession. The fact that the latter has been supported by her husband in the meantime has nothing to do with the question, which concerns only the rents and profits. The appellant was entitled to them and Mrs. Carey has received

them, and should account for them without regard to the appellant's support from other sources.

The decree will be reversed and the cause will be remanded to the circuit court, with directions to enter a decree setting aside the conveyance from Ernest H. Jones to Edith I. Carey as to the rights of the appellant, declaring the appellant's inchoate right of dower and right of homestead in the undivided three-fourths of the premises, and requiring Edith I. Carey to account to the appellant for the rents and profits of the premises and to pay the costs.

*Reversed and remanded, with directions.*