(No. 13555.—Decree affirmed.).

CHARLES P. R. MACAULAY, Appellee, *vs.* MARY A. JONES, Appellant.

*Opinion filed December 21, 1920—Rehearing denied Feb. 3, 1921.*

1. EVIDENCE—*complainant need not prove facts admitted by the answer.* Allegations of conclusions of law not based upon facts pleaded are immaterial and may be disregarded, and where the answer merely denies conclusions of law the complainant need not introduce evidence of facts alleged which are admitted by the answer.

2. SAME—*when complainant need not prove issue of valid execution.* Where a bill to assign dower alleges, in respect to complainant's title, that an execution was sued out and levied upon the property, and the answer admits that an execution was issued and levied and a sale had but denies in general terms that the execution, levy and sale were regular, such denial is not the denial of any fact, and it is unnecessary for the complainant to prove that a valid execution was issued.

3. HOMESTEAD—*section 16 of Husband and Wife act does not enlarge estate of homestead.* Section 16 of the act on the relation of husband and wife, providing that neither the husband nor wife can remove the other or their children from their homestead without the consent of the other unless a suitable homestead is provided, does not enlarge the estate of homestead given by section 1 of the Exemption act. (*Jones* v. *Jones*, 281 Ill. 595, explained.)

4. SAME—*grantee of the owner of the fee may have homestead rights adjusted by court of equity.* The owner of a homestead estate is not entitled to retain the exclusive possession of real estate worth more than $1000 because the property is incapable of division and the homestead estate in it therefore cannot be assigned, but a court of equity, upon the application of the heir, devisee or grantee of the owner of the fee, may set off the homestead, or, if that cannot be done, require the holder of that estate to surrender possession of the premises upon the payment of $1000.

APPEAL from the Circuit Court of Cook county; the Hon. GEORGE F. RUSH, Judge, presiding.

F. L. SALISBURY, and M. MARSO, for appellant.

JAMES E. CALLAHAN, and FRANCIS J. CALLAHAN, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

Upon a bill filed by Charles P. R. Macaulay praying for the assignment of a homestead to Mary A. Jones in certain premises described in the bill, or, if the homestead could not be set off without injury to the interests of the parties, for the extinguishment of the estate by the payment of $1000, the circuit court of Cook county decreed that the complainant pay to Mary A. Jones $1000, and the complainant in open court tendered to her that sum, which she refused to accept, whereupon the court ordered that the complainant pay the money to the clerk for the use of Mary A. Jones, to be paid her upon demand. The complainant paid the money to the clerk and the court decreed that the estate of homestead was released. Mary A. Jones appealed.

Mary A. Jones was married to Ernest H. Jones on February 8, 1915. He had been the owner of the premises in question, but on February 2, 1915, he conveyed them to Edith I. Carey. As a result of litigation arising out of this conveyance, a history of the early steps of which may be found in *Jones* v. *Jones,* 281 Ill. 595, a decree was rendered by the circuit court of Cook county on February 25, 1918, setting aside the deed as to the inchoate right of dower and the estate of homestead of Mary A. Jones in the undivided three-fourths of the premises, requiring Edith I. Carey to deliver possession of the premises to Mary A. Jones and to account to her for the rents, profits and rental value of the premises from April 15, 1915, and referring the cause to a master for the accounting. Upon the report of the master a decree was entered on September 23, 1918, in favor of Mary A. Jones against Edith I. Carey for $1088.47 and costs. The premises were sold to the complainant under an execution issued upon this decree and a sheriff's deed was made to him on February 3, 1920. The appellant received $1406.70 out of the proceeds of the sale

in satisfaction of the two decrees of February 25 and September 23, 1918. The premises are worth $7000. They are incumbered by the appellant's estate of homestead and her inchoate right of dower in the undivided three-fourths and the inchoate right of dower of Edmund Carey, the husband of Edith I. Carey.

The appellant's first objection to the decree is that the appellee failed to prove his ownership of the premises. Under the deed from her father Edith I. Carey was the owner of the premises, but that deed having been set aside as to the inchoate right of dower and the estate of homestead of Mary A. Jones, her title was subject to those rights. This title was sold under execution issued upon the decree for $1088.47 in favor of Mary A. Jones and became vested in the appellee by virtue of the sheriff's deed. The objection made to the appellee's title is that he introduced no evidence of the issue of a valid execution. In alleging the complainant's title the bill averred that on September 26, 1918, Mary A. Jones sued out an execution upon said decree, by virtue of which the sheriff levied upon said premises and thereafter the premises were struck off and sold by the sheriff to the complainant. The answer admits that execution was issued upon said decree and the same levied upon the real estate described in the bill, and that the real estate was subsequently sold by the sheriff to the complainant and a deed therefor issued to the complainant, but the defendant denies that the execution, levy, sale and deed were regular and in conformity to the laws of this State, and avers that the complainant did not by the alleged sale or deed acquire any title or interest in the premises. It is not necessary to introduce evidence of what is admitted by the pleadings, and allegations of conclusions of law not based upon facts pleaded are immaterial and may be disregarded. The bill alleged that an execution was issued and levied and the answer admitted the allegation. It was therefore unnecessary to prove it. The denial that the exe-

cution and levy were regular and in conformity with the laws of the State is not a denial of any fact and does not furnish any basis for the introduction of evidence. If the execution was not valid because it had no seal, or was not attested by the clerk, or did not run in the name of the People, or for any other reason, the answer should either have stated the fact or denied that an execution was issued.

Another objection made to the decree is that the appellee is not entitled to have the appellant's homestead set off to her. It is argued that the conveyance to Edith I. Carey was a fraudulent scheme to deprive the appellant of her possession and right of homestead; that by reason of that fraud Edith I. Carey, who participated in it, was not entitled to seek relief in equity by the setting off of the homestead; that it was adjudicated in *Jones* v. *Jones, supra,* that the appellant can be deprived of her homestead only by her voluntary abandonment of it or by the provision of another homestead by her husband, and that Edith I. Carey is bound by that adjudication, and so is the appellee as her successor in title. No question of fraud is involved in this case. That question was disposed of in the former case, and the decree was that Edith I. Carey had a valid title, subject to the right of homestead and the inchoate right of dower. Her title is affected in no other way by the decree, and she was, and her successor is, entitled to any remedy in law or equity which is necessary to the lawful enjoyment of the property. When it was said in the former decision that the appellant could only be deprived of her homestead by her voluntary abandonment of it or by the provision of another homestead by her husband, the reference was not to the homestead premises but to the homestead estate. While section 16 of chapter 68 of the Revised Statutes provides that neither the husband nor wife can remove the other or their children from their homestead without the consent of the other unless another suitable homestead is provided, this section does not enlarge

the estate of homestead. It is still limited to $1000 in value, as provided by section 1 of chapter 52, and the owner of the title in fee, who in this case is the appellee, is entitled to have it set off in the manner provided by law.

The Homestead Exemption act creates an estate of homestead measured by the value of $1000, but does not provide for its assignment out of a tract of greater value than $1000 between the person entitled to the homestead estate and the holder of the title in fee by descent from or devise or grant by the owner of the fee. By the Dower act and the Partition act it is provided that in proceedings to sell real estate of a deceased person for the payment of debts, or for the sale of the real estate of any ward, or in suits for the partition of real estate, the court may cause the estate of homestead, if any, in the premises, to be assigned and set off. The owner of a homestead estate is not entitled to retain the exclusive possession of real estate worth more than $1000 because the property is incapable of division and the homestead estate in it therefore cannot be assigned, but we have held that a court of equity, under its general chancery powers, has jurisdiction to enter a decree adjusting the respective rights of the heirs, devisees or grantees of the owner of the fee and the person entitled to the estate of homestead. Upon the application of such heir, devisee or grantee the homestead may be set off, or if that cannot be done, the court may require the holder of the estate to surrender possession of the premises upon payment of $1000. *Mix* v. *King,* 55 Ill. 434; *Hotchkiss* v. *Brooks,* 93 id. 386; *Wilson* v. *Illinois Trust and Savings Bank,* 166 id. 9; *Cutler* v. *Cutler,* 188 id. 285; *Powell* v. *Powell,* 247 id. 432.

The decree is affirmed.                    *Decree affirmed.*