(No. 19652.—

WILBUR A. BAILEY *et al.* Appellants, *vs.* FRED HAMILTON *et al.* Appellees.

*Opinion filed December 20, 1929—Rehearing denied Feb. 8, 1930.*

CAREY E. BARNES, for appellants.

REDMON & REDMON, and VAIL, ALLEN, MILLS & ARMSTRONG, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellants filed in the circuit court of Macon county a bill seeking to set aside a certain deed executed by them on June 3, 1922, to the appellee Hamilton, on the ground of fraud. The remaining appellees are made parties as claiming some interest therein. The bill prays that in case appellee Hamilton shall have mortgaged or encumbered the real estate that he be decreed to pay to appellants the value thereof and that they be decreed to be the owners of the real estate, and that the appellant Evelyn Bailey be decreed to have therein her homestead and inchoate right of dower the same as if the deed had never been executed, and that appellee Hamilton be required to account for rents. Appellees filed a general and special demurrer, assigning as ground for special demurrer that the bill of complaint was multifarious and that the complainants were improperly joined,—i. e., that Evelyn Bailey, wife of Wilbur A. Bailey, was not a proper party complainant. The demurrer was sustained by the court and the bill was dismissed.

But one question is raised and discussed in the briefs in this court, and that is whether the bill was properly filed as the joint action of the husband and wife,—in other words, whether the wife is a proper party complainant to such a bill. It is not contended that she had any interest in the premises other than dower and homestead. Appellees contend, and the chancellor held, that appellant Evelyn Bailey was not such a party in interest as to authorize her participation as a party in this proceeding. The argument is that the homestead is vested in the husband alone and not in husband and wife, and that during the life of the husband the wife's right to dower being a mere expectancy, she can

not assert it against him or any other person. The contention is that the husband, only, may sue to recover a homestead in an action of the character here filed.

The relationship of married women to property has undergone in the last century a marked change. At common law, and prior to 1861, (the time of the earliest legislation on the subject in this State,) the contracts of married women were void at law and in equity so far as any personal obligation was concerned. As her contract imposed on her no personal obligation either at law or in equity, a bill would not lie to reform a contract or conveyance alleged to have been made by her. An instrument executed by a married woman purporting to convey real property was void both at law and in equity. It could not be enforced or reformed. Out of this situation grew the practice of instituting a fictitious suit called a fine and recovery, by which she might permit another to recover whatever right she had in the land proposed to be conveyed and thus by a species of estoppel bar her rights thereto. This system of conveyance was abolished by the British parliament. (3 and 4 William IV, chap. 74.) These statutory enactments, however, while enabling a married woman to make a valid transfer or conveyance of real estate, did not affect her disabilities in other respects. Her deed operated only as a conveyance. None of the covenants therein were binding upon her. They were the covenants of the husband, only, and if her deed was not sufficient on its face she could not be required to make another. Nor would the instrument be reformed in equity, as the only theory upon which such proceeding could be maintained was that of contract, which a married woman could not enter into. Her conveyances of any interest in lands were controlled by these principles. If the conveyances conformed to the requirements of the statutes she was bound by them; if not, they were void and could not be enforced or reformed. A radical change has, however, taken place by statutory enactment, notably the

acts of 1861, 1869 and 1874. As a result of this legislation married women are to-day upon a common footing with married men in respect to all property rights, including the right to own, buy and sell all kinds of property. The husband and wife are now subject to the same restrictions and their duties and obligations are the same. If a married woman refuses to carry out her contract for the conveyance, with her husband, of real estate she may be compelled by a court of equity to do so, or a mistake in a conveyance may be corrected against her as readily as against any other person.

By section 1 of the act relating to homesteads, in force July 1, 1873, a homestead interest was raised from a mere exemption to a freehold estate of the value of $1000. By section 2 of that act it is provided that the homestead exemption, in case husband or wife shall desert his or her family, shall continue in favor of the one occupying the premises as a residence. Section 27 of the act concerning conveyances provides that no release or waiver of the right of homestead shall bind the wife unless she join in such release or waiver. Section 16 of the statute in relation to husband and wife provides that neither the husband nor wife can remove the other or their children from the homestead without the consent of the other, unless the owner of the property shall in good faith provide another homestead suitable to the condition of the life of the family. Section 17 of that act provides that the homestead of an insane spouse cannot be conveyed except on verified petition to and a decree of a court of chancery. By section 20 it is provided that the court decreeing such conveyance may require security on the part of the petitioner for the proper support of such insane spouse. By sections 33 and 34 of the act in relation to partition of real estate, (Cahill's Stat. 1929, p. 1975,) where a partition sale is decreed and a spouse having a right of homestead is incapable of giving assent, the court may determine whether such estate shall

be sold, and "when any such interest is sold, the value thereof may be ascertained and paid over in gross, or the proper proportion of the ·funds invested and the income paid over to the party entitled thereto during the continuance of the estate."

These sections of the statute show the character of the right and interest of the wife in a homestead estate. The conveyance of the homestead, so far as the wife's interest is concerned, is governed entirely by statute, and where the wife does not sign the instrument of conveyance her homestead interest is not conveyed. Where the property sought to be conveyed does not exceed $1000 in value, a deed of conveyance not signed by the wife is wholly ineffectual to convey any interest whatever in the premises. *Kitterlin* v. *Milwaukee Mechanic's Ins. Co.* 134 Ill. 647.

A right of homestead existing in the wife where the husband and wife are living apart is a freehold estate in her. (*Jones* v. *Jones,* 281 Ill. 595.) This right differs from an inchoate right of dower in that the latter ripens only if and when the husband predeceases the wife, while the enjoyment of the right of occupancy incident to a homestead estate exists in the wife at all times unless abandoned or conveyed by her. In other words, the homestead interest of the wife is a present interest of value. Nor can the husband's grantee divest the wife of such homestead where the premises are worth not to exceed $1000, nor can he, where the husband and wife are living apart and the value of the premises exceeds $1000, divest her of the homestead without paying her the $1000. This is true though the husband and wife are not divorced, if they are living apart. *Macaulay* v. *Jones,* 295 Ill. 614.

By her marriage and residence on the premises in question here, appellant Evelyn Bailey acquired the right to occupy them as her homestead. Her husband could not deprive her of that right without her consent. He could not require her to remove from those premises without provid-

ing a homestead suitable to her station in life in its stead. The law recognizes the rights of husband and wife in this respect as co-ordinate, and has declared by statute that where a homestead exists neither can change the residence of the other from that homestead without such other's consent or unless another suitable homestead is provided. (Cahill's Stat. 1929, chap. 68, sec. 16; *Jones* v. *Jones, supra.*) It is apparent, therefore, that the homestead interest of a married woman in the premises on which she resides is of substantial value, which may be taken from her only in the manner by law specified. If a mistake is made in a deed which she has signed and by which she has conveyed her dower and homestead, she is a proper party to a bill to reform such deed and would be bound by the decree of the court reforming it. (*Snell* v. *Snell,* 123 Ill. 403.) In this case, should a defense good against the claims of the husband be interposed by which he would be estopped to claim fraud, then, if the position of appellees is correct, no matter how gross the fraud against appellant Evelyn Bailey, she cannot recover her homestead right in the premises. The inequitable results of such a proposition at once appear.

Counsel for appellees, however, contend, that this court has held that the estate of homestead is in the husband, alone, so long as the two are living together; that should he recover this property her homestead and dower rights would attach without any effort on her part, and that she therefore is not a proper party to this bill. It is true that where the parties are living together the husband is ordinarily the proper person to assert the right of homestead. Under those circumstances the homestead cannot be set off to the wife alone. (*Hagerty* v. *Hagerty,* 149 Ill. 655.) But it does not follow from this that she does not have an individual interest in the homestead, for she does have a continuous right of occupancy, which is a real and substantial interest. In *Dinquel* v. *Dacco,* 273 Ill. 117, it is said that a homestead is an estate in land vested in the house-

holder. And this is true. It is also more than that. It is an estate which gives to the spouse of the householder a right to present enjoyment of it even as against the wishes of such householder. It cannot be conveyed without her signature, and if the husband abandons her and her family it continues in her.

Counsel for appellees cite in support of their contention that the homestead interest vests alone in the husband and that therefore the wife is not the proper party to this proceeding, the case of *Richards* v. *Greene*, 73 Ill. 54. In that case, which arose under the act making a homestead an exemption, the husband made a deed of trust to the land and the wife did not join. A bill was filed by the grantee to set off the homestead to the grantor and his wife. It was held that there was no conveyance of homestead as the wife did not sign, and that the homestead should have been set off to the husband and not the wife. In *Phillips* v. *City of Springfield*, 39 Ill. 83, the wife alone sought to regain the homestead abandoned both by her and by her husband, and it was held that she could not do this as she had abandoned the homestead and her husband was still living, though not living with her. In *Pain* v. *Farson*, 179 Ill. 185, the question was whether the husband of the defendant was competent as a witness in her behalf. A bill had been filed against the wife to establish a resulting trust in property held by her, alleging that she held it in trust for the complainant's assignor, a corporation. The husband was made a party. He was a stockholder in the corporation. He was held a competent witness and not a necessary party, as his interest was only an inchoate right of dower. A homestead was not involved.

These cases construe the provisions of the statutes as vesting the homestead estate in the householder unless he shall abandon his family or die. They do not, however, hold, and it has not been held in this State, that a wife may not be a party to a proceeding to set aside her own convey-

ance on the ground of fraud where she has through such fraudulent representation conveyed anything of value to her. The right to set aside a conveyance on the ground of fraud is to be extended to anyone who has parted with a thing of value because of such fraudulent misrepresentation.

In the early case of *Cassell* v. *Ross,* 33 Ill. 244, it was pointed out that the framers of the Homestead law (then the act of 1861) intended to secure a home for the wife and children. It was more for their protection than for the protection of the owner of the premises. In that case it was held that the wife was a necessary party to a bill affecting the homestead.

In *Eyster* v. *Hatheway,* 50 Ill. 521, a mortgage had been executed by a husband and wife purporting to release the right of homestead in the mortgaged premises. It was sought in the bill filed to void such release, so far as the wife was concerned, on the ground that the purport of the instrument which she had signed was not made known to her at the time she executed and acknowledged it and that she was ignorant of the fact that she was releasing her right to homestead in the premises. It was held in that case that the wife should join in the bill as party complainant and that such a bill cannot be filed by the husband alone. And so in this case, we are of the opinion that while under the statute the homestead, as a freehold interest, attaches to the householder owning the fee, the homestead right in the wife is also a substantial right, which, if the charges of her bill be proved, was taken from her by fraud and misrepresentation. It is but equitable and just that she be heard in her own right in a court of equity. This may be done only by permitting her to become a party complainant to the bill to set aside the conveyance on the ground of fraud. The chancellor therefore erred in sustaining the demurrer on this ground.

The decree will be reversed and the cause remanded, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*