(No. 32927.—)
MICHAEL F. LATERZA *et al.*, Appellees, *vs.* BETTY H. MURRAY *et al.*—(BETTY H. MURRAY, Appellant.)

*Opinion filed January 20, 1954—Rehearing denied March 15, 1954.*

MORGAN, HALLIGAN & LANOFF, of Chicago, (EDWIN A. HALLIGAN, W. KIER JOHNSON, and JOHN P. MADIGAN, of counsel,) for appellant.

DAVID S. CHESROW, and BARNEY L. HOLLOWICK, both of Chicago, for appellee Michael F. Laterza; LEO J. BARTOLINE, of Chicago, for appellee John Reid Murray.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Michael Laterza brought an action for partition in the circuit court of Cook County against Betty Murray and others. Betty Murray thereafter filed a separate suit in the same court against Laterza and her husband, John Murray, seeking to set aside on the ground of fraud a deed whereby John conveyed an undivided half of the premises to Laterza. The two cases were consolidated, and after a hearing a decree was entered dismissing the suit to set aside the deed and ordering partition of the premises. Betty Murray appeals directly to this court, a freehold being involved.

John and Betty Murray are husband and wife, and resided together on the premises involved herein until their separation in 1942. They held title thereto as joint tenants, subject to a mortgage. On March 31, 1952, Betty obtained a decree for separate maintenance under which John was ordered "to pay the monthly mortgage payments on the real estate occupied by Betty H. Murray at 491 Hill Road, Winnetka, Illinois, as and when they become due until the further order of this court, and that he continue to pay the real estate taxes." John subsequently sold and conveyed his undivided one-half of the premises to Michael Laterza, subject to the mortgage and to homestead rights of Betty, and the present action for partition followed.

Appellant, Betty Murray, first contends the provisions of the separate maintenance decree requiring John to pay the taxes and mortgage installments imply that the particular property must be maintained as a residence for her. We cannot agree. It is a sufficient answer to observe that the decree does not enjoin him from disposing of his interest, and that no such restriction can be inferred from the provisions ordering him to make the payments referred to.

Appellant next insists that the conveyance was made with intent to defeat her rights under the separate maintenance decree, and should therefore have been set aside. To sustain this contention she argues that certain statements by John, indicating that he foresaw the possibility of a partition suit against appellant, show an intention to deprive her of a right to exclusive possession of the property. As we have intimated, however, the separate maintenance decree did not purport to grant her such a right. An intention to deprive a wife of something to which she has no right is not sufficient to render a conveyance fraudulent. Appellant further relies upon an alleged inadequacy of consideration as evidence of fraud. The record discloses that John received $5500 for his interest, of which $3806.58 was used by him to pay the taxes, accrued alimony and attorneys' fees ordered by the separate maintenance decree. Evidence on behalf of the appellant indicates the market value of the property was $28,000. Using this figure she reasons that the market value of an undivided half interest would be $14,000, and that after subtracting $3000 for half the mortgage balance and $1000 for the homestead, John's interest was worth $10,000. Appellant insists that the price received was therefore grossly inadequate, indicating a fraudulent motive for the transfer.

It is true that with respect to her marital rights the law affords the same protection to a wife as it does to a creditor, and that a disposition of property made with specific intent to defeat such rights may be set aside. (*Deke* v. *Huenke-*

*meier*, 289 Ill. 148.) But to obtain such relief the burden of clearly proving such fraud must be satisfied. Conveyances cannot be set aside on mere suspicion. (*McKey* v. *McKean*, 384 Ill. 112.) The evidence relied upon by appellant in this case fails to satisfy her burden in this respect. Nor does the record contain the proof required for presumptive fraud, or fraud in law. Even assuming the consideration was inadequate, appellant has failed to establish that the conveyance rendered her husband insolvent and financially unable to discharge his obligations under the separate maintenance decree. In order to warrant setting aside a conveyance on the ground of presumptive fraud as to creditors it must appear that the grantor did not retain sufficient property to pay his indebtedness. (*State Bank of Clinton* v. *Barnett*, 250 Ill. 312.) We conclude that the findings of the chancellor are correct, and that he properly ordered partition of the premises.

Two other contentions of appellant should be noted. She insists she should be granted a dower interest in the undivided half conveyed by her husband. The position cannot be sustained. It is well settled that dower is not an incident to joint tenancy, and the wife has no such right in the husband's undivided one-half interest, even though the joint tenancy is terminated by conveyance of such interest. (*Johnson* v. *Muntz*, 364 Ill. 482.) In the case at bar the property is registered under the Torrens Act. When the deed was presented at the registrar's office an assistant examiner therein made a notation on the deed that it was subject to dower in appellant. The registrar subsequently corrected the entry so as to eliminate the reference to dower. Appellant now claims appellee Laterza is bound by the first entry, and that the act of the registrar in removing it was unauthorized. The notation that the conveyance was subject to dower was clearly erroneous, and could have been corrected by order of court. (Ill. Rev. Stat. 1951, chap. 30, par. 130; Jones Ann. Stat. 132.086.) The act

of the registrar in voluntarily making the correction did not prejudice appellant. Her contentions as to dower are clearly without merit.

It is finally insisted that the court erred in allowing attorney's fees to plaintiff Michael Laterza. Examination of the decree discloses that the court reserved jurisdiction "for the purpose of an accounting between the parties for proof of fees to be allowed the plaintiff's attorney as and for his attorney's fees and for costs and expenses incurred by plaintiff." The Partition Act (Ill. Rev. Stat. 1951, chap. 106, par. 68; Jones Ann. Stat. 109.490(28),) provides that when, as in this case, the rights and interests of all the parties in interest are properly set forth in the complaint, the court shall apportion costs and plaintiff's reasonable attorney's fees unless defendants interpose a good and substantial defense. Since no allowance was ordered, and determination of the matter was reserved in the circuit court, there is nothing for this court to review in this respect.

The decree of the circuit court is affirmed.

*Decree affirmed.*