ORVILLE KENNETH PHILLIPS, Plaintiff-Appellee, *v.* REVA S. PHILLIPS, Defendant-Appellant.—(SECURITY SAVINGS AND LOAN ASSOCIATION, Defendant.)

Fourth District   No. 14478

Opinion filed December 22, 1977.—Modified on denial of rehearing February 9, 1978.

Samuels, Miller, Schroeder, Jackson & Sly, of Decatur (John E. Fick, of counsel), for appellant.

Monroe, Wilson, Dyar, Houchen, McDonald & Taylor, of Decatur, for appellee.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:

The primary issue in this partition suit concerns the relationship between section 16 of "An Act * * * in relation to husband and wife" (hereinafter section 16) (Ill. Rev. Stat. 1975, ch. 68, par. 16), which states that one spouse cannot remove the other from his or her "homestead" without providing that spouse with "another homestead suitable to the condition in life of the family" and section 1 of "An Act to exempt the homestead * * *" (hereinafter section 1) (Ill. Rev. Stat. 1975, ch. 52, par. 1), which states that every "householder having a family" has a homestead of a value of $10,000 but further provides that the paragraph is not applicable as between joint tenants or tenants in common.

Plaintiff, Orville Kenneth Phillips, sued his wife, defendant Reva Phillips, in the circuit court of Macon County seeking the partition of the premises where they had lived and which was owned by them equally as joint tenants. Defendant counterclaimed requesting (1) a setoff of homestead on her behalf before any division of the property or proceeds of the sale thereof, and (2) reimbursement for advancements she had made for taxes, repairs and other expenses for the benefit of the property. The case was consolidated with a divorce action between the parties and then severed. The case was tried by the court prior to and separate from the divorce action. Plaintiff appeals from the decree which (1) allowed

partition in equal shares without the setoff of homestead and (2) dismissed the counterclaim for want of equity.

Most of the evidence concerned the tangled financial affairs of the parties. Both had prior marriages and defendant had brought into the marriage $50,000, the proceeds of the insurance upon the life of her deceased first husband. Plaintiff had owned a home in Normal which he later placed in joint tenancy with defendant. The partitioned property was purchased and repaired with the proceeds of the sale of the Normal house. The parties owned an apartment building in Bloomington which had been purchased with the defendant's $50,000. They were involved together in various businesses with each having opportunity to withdraw funds from the businesses. Apparently because of fear of plaintiff's business judgment and financial stability, a Bloomington bank, as a condition of doing business with the parties, required that plaintiff convey all of his interest in that apartment building to defendant. The Bloomington apartment building was sold with the proceeds spent in a business run by plaintiff and the purchase, in defendant's name, of an apartment building in Decatur. Defendant contends that she used the income from this apartment building to make the payments which inured to the benefit of the partitioned property.

In contending that section 16 entitles her to a setoff of homestead prior to division of the property or proceeds from its sale, defendant relies upon the decision in *Brod v. Brod* (1945), 390 Ill. 312, 61 N.E.2d 675. That case was preceded by significant decisions in *Macaulay v. Jones* (1920), 295 Ill. 614, 617-18, 129 N.E. 520, 521, and *Bailey v. Hamilton* (1929), 337 Ill. 617, 169 N.E. 743. *Macaulay* held that the provision of section 16 requiring that one spouse removing the other spouse from "their homestead without the consent of the other unless another suitable homestead is provided * * * does not enlarge the estate of homestead" but merely requires payment to the other spouse of the value of homestead as determined by section 1. In *Bailey*, the court ruled that a wife who was not a householder as defined by section 1, and had no fee interest in the property owned by her husband and in which they both resided, nevertheless was a proper party to a suit seeking to set aside for fraud a conveyance the husband had made of the property. The reasoning of the court was that because her husband was barred by section 16 from removing her from the premises without setting off homestead, she had a right of occupancy that gave her standing.

In *Brod*, a husband who had deserted his wife brought action against his wife to partition their jointly owned residence in which she still lived. In ruling that the wife was entitled to a setoff of homestead in the amount then allowed by section 1, the court stated:

"The law and public policy of this State, as exemplified by

section 1 of the Homestead Exemption Act above quoted, section 16 of the act concerning husband and wife, (Ill. Rev. Stat. 1943, chap. 68, par. 16,) section 27 of the act concerning conveyances, (Ill. Rev. Stat. 1943, chap. 30, par. 26,) and the many decisions in this State thereunder, have been and are to insure to the family the possession and enjoyment of a home. The proposition that a husband cannot, by his deed alone, even though he own the entire fee, deprive his wife of her homestead interest· is so well established that citation of authority is unnecessary. Other than by a written instrument, signed and acknowledged as required by statute, a wife can be deprived of her interest in the homestead, whether it be an estate in land or a right of occupancy, only by her abandonment of the premises as her residence, her desertion of the family, or a decree of divorce making disposition of the homestead estate." 390 Ill. 312, 323-24, 61 N.E.2d 675, 680.

*La Placa v. La Placa* (1955), 5 Ill. 2d 468, 126 N.E.2d 239, was decided by the supreme court a decade later. There, plaintiff wife and defendant husband were living together when she sued him for separate maintenance. He counterclaimed to partition several tracts of realty jointly owned by them including their residence property. After discussing the same statutory provisions considered in *Brod*, the court ruled that because the husband had not deserted the wife, the homestead was either his entirely or attached equally in the undivided shares of each party. Accordingly, it affirmed the trial court's order dividing the property equally without setoff of homestead. In *Heldt v. Heldt* (1963), 29 Ill. 2d 61, 193 N.E.2d 7, where a wife sought to partition the joint tenancy realty in which they both lived, the court ruled that the husband's homestead interest was on his one-half interest.

Reconciliation of the rulings in the foregoing cases is not easy. The *La Placa* court was not able to say with certainty where the homestead lay. The portion of section 1 stating that the provision for homestead contained in that paragraph is not applicable as between joint tenants or tenants in common was enacted in 1965 and was not a factor in any of the foregoing decisions. No similar amendment was made to section 16. The two provisions are so interrelated, however, that a diminution of the application of section 1 would logically have the effect of diminishing the application of section 16. The amendment was very likely to have been enacted to remove the uncertainty created by earlier decisions. If the amendments did not effect tenancies between spouses of residential property, its application would be quite limited because the vast majority of property held in joint tenancy are residence properties owned by spouses.

On various occasions since 1965, the districts of the appellate court have

ruled upon the question of whether homestead existed in favor of one cotenant, a spouse, and against the other. In *Anderson v. Anderson* (1976), 42 Ill. App. 3d 781, 356 N.E.2d 788, the wife was determined to be entitled to a setoff of homestead in a partition suit brought by the husband. In *Ball v. Ball* (1975), 27 Ill. App. 3d 678, 326 N.E.2d 782, *Berg v. Berg* (1977), 45 Ill. App. 3d 422, 359 N.E.2d 892, and *Gottemoller v. Gottemoller* (1976), 37 Ill. App. 3d 689, 346 N.E.2d 393, all partition cases, setoff of homestead in favor of one cotenant was denied. In *Ball*, the plaintiff was a grantee of a husband who ceased living on the premises long prior to the filing of the suit. None of the opinions discussed both the amendment of section 1 and section 16.

■■ ■ We conclude, however, that the two statutory provisions in question must be considered together and that the amendment to section 1 abolishes the homestead or occupancy rights of one spouse against the interest of the other spouse as to realty held by them in cotenancy. The trial court properly ruled that defendant was not entitled to a setoff for homestead.

■■ Defendant claims that the court erred in refusing her offer of proof that if permitted to do so she would testify that on October 23, 1973, prior to the initiation of either the divorce case or partition suit, plaintiff told her that he wanted a divorce and "would give" her "the house." At the time of the offer, defense counsel stated its purpose to be to negate any indication that she paid for the taxes and other expenses intending to make a gift for the benefit of the joint tenants. He also stated that he was entitled to attempt to prove that the parties had agreed that no partition would be made. In refusing the offer, the court stated that consideration was required to make an agreement not to partition enforceable.

Defendant cites *Whitaker v. Scherrer* (1924), 313 Ill. 473, 145 N.E. 177, and *Voellinger v. Kirchner* (1924), 314 Ill. 398, 145 N.E. 638, in support of his argument that the court was in error in ruling that consideration was required to make enforceable an agreement not to partition. Neither opinion discusses the requirement for consideration. In *Whitaker*, an agreement not to partition was implied from a complicated business arrangement between various co-owners. The heart of the ruling was that the agreement need not be express. Each of the parties had given consideration to the others. In *Voellinger*, the court affirmed a partition decree stating by way of dictum, that one may not seek partition in violation of his agreement not to do so. In the instant case, the statement attributed to plaintiff was, at most, an offer. Defense counsel gave no indication that he would be able to produce evidence that the offer was accepted either expressly or by implication.

The offered testimony had only slight probative value to prove lack of

donative intent on the part of defendant. Since no offer was made that evidence would be introduced to show that defendant accepted any offer by plaintiff not to partition, the refusal of the evidence was not reversible error.

■■ We also find no other error to have occurred in the ruling denying defendant reimbursement for sums she allegedly advanced to the benefit of the property. Because of the parties' history of commingling their assets, a determination that the money was not paid out of funds to which only defendant was entitled would not be against the manifest weight of the evidence.

We affirm the judgment of the court below.

TRAPP and MILLS, JJ., concur.