KURT ROSENBAUM, Plaintiff-Appellee, *v.* JEAN ROSENBAUM, Defendant-Appellant.

First District (2nd Division)   Nos. 77-991, 77-1303, 77-1498 cons.

Opinion filed September 26, 1978.—Rehearing denied October 24, 1978.

Jean Rosenbaum, of Chicago, for appellant, *pro se.*

J. Scott Bonner, of Neumark & Bonner, Ltd., of Chicago, for appellee.

Mr. JUSTICE BROWN delivered the opinion of the court:

Defendant, Jean Rosenbaum, appeals from a decree of partition and sale of real property, from an order of distribution of the proceeds of that sale, and from an order granting a writ of restitution, which decree and orders were entered by the trial court after remand of the first appeal of this cause (*Rosenbaum v. Rosenbaum* (1st Dist. 1976), 38 Ill. App. 3d 1, 349 N.E.2d 73). Defendant has filed four separate appeals in this court, seeking review of various other orders entered by the trial court after remand. We dismissed case No. 77-836 for failure to file a timely notice of appeal, and consolidated the remaining three cases.

In the first appeal of this cause, we found that plaintiff, Dr. Kurt Rosenbaum, failed to prove a cause of action for divorce under count II of his second amended complaint and that the partition judgment entered under count I was invalid. We held that the partition judgment was invalid since commissioners were not appointed and since the report of a commissioner or commissioners did not precede the trial court's order of sale. As to count I (partition), we remanded the cause for further proceedings. As to count II (divorce), we remanded the cause with directions that it be dismissed and judgment be entered in favor of defendant. *Rosenbaum v. Rosenbaum* (1st Dist. 1976), 38 Ill. App. 3d 1, 349 N.E.2d 73.

On December 1, 1976, the trial court dismissed count II (divorce) and entered judgment thereon in favor of defendant. Further proceedings on count I (partition) were continued.

A review of the pleadings pertaining to the partition action indicates that no controversy existed between the parties regarding the legal description of the property; their ownership of the property as joint tenants; the derivation of their title; that the property was improved with a single-family residence; and that plaintiff had paid all real estate taxes since 1965. The parties were at issue regarding whether the subject property was the only real estate owned by them, whether the subject property could not be divided without injury to those in interest, and whether defendant was entitled to an award for homestead and dower.

On December 14, 1976, defendant filed a two count complaint against her husband, Dr. Rosenbaum. The first count sought a declaratory judgment "establishing her right" to spousal support without the necessity of filing an action under the separate maintenance act (Ill. Rev. Stat. 1975, ch. 68, par. 22 *et seq.*) and declaring that act unconstitutional. The second count requested, among other things, support from Dr. Rosenbaum and an adjudication of property rights. The trial court consolidated this action with Dr. Rosebaum's partition action.

On January 21, 1977, Mrs. Rosenbaum filed a five-part motion seeking: (1) dismissal of the partition action; (2) trial costs and attorney's fees; (3) retroactive temporary alimony; (4) payment of water tax; and (5) "restitution" of property sold, of insurance policies in which she was beneficiary, of bank accounts, and of various other property.

On April 18, 1977, the trial court entered an order dismissing defendant's two-count complaint, denying her five-part motion, and disposing of various motions theretofore filed by defendant. The order further appointed one commissioner, pursuant to section 6 of "An Act in relation to the partition of real estate * * *" (Ill. Rev. Stat. 1975, ch. 106, par. 49), to report to the trial court whether or not the subject property was susceptible of division, and if not susceptible to division, then to appraise and value the subject property.

On April 27, 1977, trial commenced on the partition action. The record indicates that trial continued on dates subsequent to April 27, 1977; however, the record does not reveal those exact dates and it does not include the transcripts of proceedings of those dates.

Both parties testified at the April 27, 1977, hearing. Under examination as an adverse witness pursuant to section 60 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 60), defendant testified that she and plaintiff owned the subject property. She described the lot and the residence that improved it. She further testified that plaintiff had not resided at home since 1965 and that she had not paid any real estate taxes since 1965. Plaintiff testified that the mortgage was paid and that he paid real estate taxes and insurance since 1965. He further stated that he did not own any other real estate in joint tenancy.

On May 18, 1977, the commissioner filed his report, which stated that the subject property was not susceptible of division without manifest prejudice to the parties. The commissioner appraised its value at $47,000.

On June 23, 1977, the trial court entered a decree for partition and sale. The decree provided, among other things, that the subject property was the only real estate owned in common by the parties; that defendant is not entitled to have funds set off to her for homestead; that defendant is not as a matter of law entitled to dower; and that deductions for plaintiff's attorney's fees and for real estate taxes paid by plaintiff shall be made before distribution of 50% of the remaining balance to each party.

On August 4, 1977, the sheriff of Cook County held a public sale of the subject property. It was sold to the highest bidder for $56,000. On August 23, 1977, the sheriff's report of sale and distribution was filed with the trial court.

On September 6, 1977, the trial court entered an order approving the sheriff's report of sale and distribution with modification. This order of distribution provided, among other things, that plaintiff's attorney would

receive $3,500 for attorney's fees and that plaintiff would receive $10,692.60 for real estate taxes paid by him from January 1, 1966, to September 6, 1977, before distribution of 50% of the remaining balance to each party.

On October 6, 1977, the trial court entered an order which granted a writ of restitution to the purchaser of the subject property and which stayed the writ for 20 days. On October 14, 1977, the trial court entered an order referring the matter of setting supersedeas and staying enforcement of the writ of restitution to this court. On October 21, 1977, this court stayed enforcement of the writ of restitution until further order of this court. On November 2, 1977, this court entered an order staying the writ of restitution until November 18, 1977, and ordered that the writ may be further stayed thereafter only upon defendant filing a $60,000 bond with the clerk of this court. On November 15, 22, and 29, 1977, this court entered orders which refused reconsideration of this court's November 2, 1977, order. A writ of assistance was issued by the clerk of the Circuit Court of Cook County on November 23, 1977, and defendant was evicted from the subject premises on December 2, 1977. The trial court entered an order that same day (December 2, 1977), staying the writ until December 7, 1977.

Defendant raises the following issues for our review: (1) whether the trial court, on remand, proceeded in conformance with the opinion and mandate of this court; (2) whether the trial court's consolidation of defendant's action against Dr. Rosenbaum with the partition action was proper; (3) whether the trial court erred in denying defendant's five-part motion; (4) whether the decree for partition and sale is a "ficticious judgment" because the second amended complaint was not signed or verified; (5) whether the trial court had subject matter jurisdiction of the partition action; (6) whether the decree for partition and sale and order of distribution are supported by the record and are consistent with the law; and (7) whether the trial court erred in granting the writ of restitution.

We shall not consider the first, second, third, and fourth issues previously stated, since these issues were raised by defendant's motions and petitions and were denied by orders of the trial court and appealed from in case No. 77-836, which appeal was dismissed by this court for failure to file a timely notice of appeal. Although we could decline to consider the fifth issue for the same reason, we shall consider it since it relates to subject matter jurisdiction.

■■ Defendant contends that jurisdiction of partition actions is limited solely to the chancery division of the Circuit Court of Cook County (citing Ill. Rev. Stat. 1975, ch. 106, par. 70; General Order Number 1-2 of the Circuit Court of Cook County), and therefore the divorce division of the Circuit Court of Cook County was without jurisdiction to hear the

partition action. We find this contention to be without merit. "Unlike the previous inferior courts which had only limited jurisdiction, the present Circuit Court of Cook County has original and unlimited jurisdiction. (*In re Estate of Marcucci*, 5 Ill. App. 3d 484, 494, 285 N.E.2d 141, 147.) 'Jurisdiction,' the court there stated, 'is vested in a court, not in a judge.' A similar logic should be applied to the divisions and departments of the Circuit Court of Cook County." *Haas v. Pick Galleries, Inc.* (1st Dist. 1973), 12 Ill. App. 3d 865, 868, 299 N.E.2d 93; see *Seniuta v. Seniuta* (1st Dist. 1977), 49 Ill. App. 3d 329, 364 N.E.2d 327.

The sixth issue raised by defendant is whether the decree for partition and sale and order of distribution are supported by the record and are consistent with law.

■■ Defendant first claims that the trial court erred in finding in the decree for partition and sale that the subject property was the only real estate owned in common by the parties. No proof was offered to rebut or contradict plaintiff's testimony that the subject property was the only real estate he owned in joint tenancy. Since this testimony was not contradicted, we find that the trial court did not err in finding that the subject property was the only real estate owned in common by the parties.

Defendant next contends that the decree for partition and sale should be "voided" since plaintiff failed to provide her with another residence (Ill. Rev. Stat. 1975, ch. 68, par. 16) and since the trial court refused to award her a homestead award of $10,000 with which to find another home (Ill. Rev. Stat. 1975, ch. 52, par. 1). Section 16 of "An Act * * * in relation to husband and wife" (Ill. Rev. Stat. 1975, ch. 68, par. 16) states that neither the husband nor wife can remove the other from their "homestead" without providing "another homestead suitable to the condition in life of the family." Section 1 of "An Act to exempt the homestead * * *" (Ill. Rev. Stat. 1975, ch. 52, par. 1) states that "[e]very householder having a family" has a homestead of a value of $10,000. The 1965 amendment to section 1 states: "This section is not applicable as between joint tenants or tenants in common but it is applicable as to any creditors of such persons."

■■ We find that the two statutory provisions in question must be considered together and that the amendment to section 1 is dispositive of defendant's contention. Defendant's homestead or occupancy rights were abolished by the amendment since the subject property was held by the parties in joint tenancy. We hold that the trial court did not err in finding in the decree for partition and sale that the defendant is not entitled to have funds setoff to her for homestead. See *Phillips v. Phillips* (4th Dist. 1978), 56 Ill. App. 3d 276, 372 N.E.2d 98, *appeal allowed* (1978), ___ Ill. 2d ___; see also *Berg v. Berg* (2d Dist. 1977), 45 Ill. App. 3d 422, 359 N.E.2d 892; *cf. Anderson v. Anderson* (1st Dist. 1976), 42 Ill. App. 3d 781,

356 N.E.2d 788, and *Anderson v. Anderson* (1st Dist. 1978), 62 Ill. App. 3d 468, 378 N.E.2d 1079, wherein the court, in allowing a homestead award in a partition action, considered sections 16 (Ill. Rev. Stat. 1973, ch. 68, par. 16) and 1 (Ill. Rev. Stat. 1975, ch. 52, par. 1), but did not consider the amendment to section 1.

■ Defendant next contends that the trial court "overstepped its authority" by finding in the decree for partition and sale that she is not as a matter of law entitled to dower. In *Laterza v. Murray* (1954), 2 Ill. 2d 219, 222, 117 N.E.2d 779, our supreme court stated: "It is well settled that dower is not an incident to joint tenancy, and the wife has no such right in the husband's undivided one-half interest, even though the joint tenancy is terminated by conveyance of such interest. (*Johnson v. Muntz*, 364 Ill. 482.)" We find that the trial court did not err in denying defendant an award for dower.

● 5 Defendant next contends that the trial court erred in allowing a setoff to plaintiff for all real estate taxes paid by plaintiff from January 1, 1966, through September 6, 1977, the date of the order of distribution. We disagree. Defendant has admitted in her pleadings and the uncontradicted evidence is that plaintiff paid all real estate taxes assessed against the property since 1965. As a joint tenant, defendant was responsible for one-half of the expense. Since plaintiff paid the taxes each party was obligated to pay, he was entitled to a setoff for the full amount he paid, before the balance was divided equally between the parties. *Anderson v. Anderson* (1st Dist. 1978), 62 Ill. App. 3d 468, 378 N.E.2d 1079; *Gilmore v. Gilmore* (1st Dist. 1975), 28 Ill. App. 3d 36, 328 N.E.2d 562; *Kratzer v. Kratzer* (4th Dist. 1971), 130 Ill. App. 2d 762, 266 N.E.2d 419.

■■ Defendant next contends that the trial court improperly apportioned plaintiff's attorney's fees from the sale proceeds of the subject property. Section 68 of the partition act (Ill. Rev. Stat. 1975, ch. 106, par. 68) provides for such apportionment to plaintiff's attorney, unless the defendant has interposed "a good and substantial defense" to the complaint.

> "The phrase 'a good and substantial defense' is not synonymous with a successful defense. A substantial defense made in good faith is sufficient to preclude the payment of attorney's fees. [Citation.] * * *" (*Anderson v. Anderson* (1st Dist. 1978), 62 Ill. App. 3d 468, 473, 378 N.E.2d 1079.)

We find that defendant did present a substantial defense and therefor attorney's fees should not be apportioned.

Defendant next contends that the commissioner was a constitutionally impermissible fee officer. This contention is without merit. *Anderson v. Anderson* (1st Dist. 1976), 42 Ill. App. 3d 781, 785-86, 356 N.E.2d 788.

The final issue raised by defendant is whether the trial court erred in granting the writ of restitution.

■■ We initially note that the purchaser of the subject property sought a writ of restitution to obtain possession of the subject property, while the remedy that is traditionally sought to obtain possession subsequent to a judicial partition sale is a writ of assistance. We find that no prejudice resulted to defendant since the office of a writ of restitution and a writ of assistance is to place possession of realty in the hands of the party to whom it rightfully belongs and since we emphasize substance over form. Furthermore, the clerk of the Circuit Court of Cook County properly interpreted the trial court's order of October 6, 1977, as directing him to issue a writ of assistance to the sheriff of Cook County.

"In Illinois practice a writ of assistance is a process issuing out of chancery to effect the transfer of property as an aid to the enforcement of an order or decree which has determined the rights of litigants to the title or possession of realty. [Citation.] A writ of assistance is a summary proceeding and is not the institution of a new suit; rather it is auxiliary or incidental to judgment or decree, and employed to enforce or effectuate such judgment. [Citation.] On an inquiry with respect to whether the writ should issue, questions determined in the main proceedings cannot be raised again or relitigated. [Citation.] The only issues in the proceeding are the right to possession of the property involved as determined under the decree and whether the person against whom it is asked, if not a party to the suit, came into possession pendente lite under one of the parties. [Citation.]" *City of Chicago v. Walker* (1st Dist. 1978), 61 Ill. App. 3d 1050, 1053, 377 N.E.2d 1214, 1217.

After a review of the record, we find no prejudice resulting to defendant nor any error arising from the trial court's order granting the writ and the sheriff's execution thereof. We further find that the trial court was without jurisdiction to grant a stay of the writ from December 2, 1977, to December 7, 1977, as we had previously ruled regarding a stay on November 2, 1977.

We have reviewed all other orders appealed from in this consolidated case (Nos. 77-991, 77-1303, 77-1498), and find no prejudice resulting to defendant nor any error arising from those orders.

Those portions of the decree for partition and sale and of the order of distribution which apportion plaintiff's attorney's fees are reversed, and the cause is remanded with directions to recalculate the distribution to reflect this disposition. The remaining portions of the decree and order of distribution are affirmed. All other orders appealed from are affirmed.

Affirmed in part; reversed in part; and remanded.

STAMOS, P. J., and DOWNING, J., concur.